**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gary D Carter, et al., | No. CV-24-01597-PHX-MTL |
| Plaintiffs, | **ORDER** |
| v. | |
| Treasure Island LV LLC, et al., | |
| Defendants. | |

Plaintiffs bring this action against Defendant Treasure Island LV LLC for injuries and damages suffered while they were gambling in Las Vegas, Nevada. Defendant moves to transfer venue to the United States District Court for the District of Nevada. The motion is fully briefed and neither party requested oral argument. The motion will be granted.

Section 1404(a) of Title 28 of the United States Code provides that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." *Id.* District courts have "discretion to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness." *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000) (citing *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)) (internal quotation marks removed). When analyzing whether transfer is appropriate, the Court performs a two-step analysis: first, it determines "whether the case could have been brought in the forum to which the moving party seeks to transfer the case," and second, "whether the proposed transferee district is a more suitable choice

of venue based upon the convenience of the parties and witnesses and the interests of justice." *R. Prasad Indus. v. Flat Irons Env't Sols. Corp.*, No. 12-CV-08261-PCT-JAT, 2017 WL 4409463, at *2-3 (D. Ariz. Oct. 4, 2017) (internal quotation marks and citations removed).

This action could have been brought in Nevada. Defendant Treasure Island LV LLC is domiciled in Nevada, and it operates its gaming resort there. Plaintiffs claim injury from events that took place on the resort property.

The Court also finds that Nevada is the more suitable forum for the adjudication of this action, based on the convenience of parties and witnesses as well as the interests of justice. The only real connection that this lawsuit has with Arizona is that Plaintiffs are residents here. Besides that, all the participants in the event are likely domiciled in Nevada. It is very likely that witnesses are either Nevada residents or residents of other states visiting the resort. As Defendant points out in its reply brief, "[t]he percipient witnesses to the events (i.e. the hotel staff, security, surveillance, police, paramedics, and any other witnesses) are located in Nevada." (Doc. 8 at 3)

Plaintiffs' theory that general personal jurisdiction exists in Arizona based on Defendant's online marketing activity that is accessible in Arizona is not recognized as valid. *See Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801 (9th Cir. 2004) ("an internet website accessible by anyone capable of using the internet, including people living in California" does not constitute "continuous and systematic" contacts warranting general personal jurisdiction). Plaintiffs' argument that venue is appropriate here because their physicians reside in Arizona is not credible either. Defendant's argument that these medical providers can participate in the litigation remotely is well-taken. Their residency is not enough to overcome the facts that most other witnesses are in Nevada, that Defendant resides in Nevada and operates its business there, and the events giving rise to this lawsuit occurred in Nevada. Treating physicians often reside in a state other than the one where litigation is filed.

. . . .

1    **IT IS THEREFORE ORDERED** that Defendant's Motion for Change of Venue
2  (Doc. 6) is **GRANTED**.
3    **IT IS FURHTER ORDERED** that the Clerk of Court must transfer this action to
4  the United States District Court for the District of Nevada and administratively close this
5  case.
6    Dated this 3rd day of September 2024.

Michael T. Liburdi
United States District Judge

- 3 -